JOHN R. H. PALMORE v. NANCY CHAPMAN ET AL.

Contract—Parent and Child.

An alleged contract, by parol agreement between father and son, no writing of any kind having ever been made, held too vague for judicial action and unenforcible.

APPEAL FROM MONROE CIRCUIT COURT.

October 13, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

There is no written memorial of any contract between appellant, and his father as to the terms upon which he went to live with the old man, and the parol evidence of what those terms were is far from being satisfactory, and when the whole evidence in the case is considered, the transaction is clouded with too much doubt, and uncertainty to found judicial action on it.

In the last two years, or 18 months of the old gentleman's life he was to a great extent helpless; and for some months previous to his death required much attention, and nursing, which perhaps apart from the filial duty appellant owed his father would have been irksome, and even too disagreeable to be hired to perform; but for many years after he went to reside with his father, he continued to labor, and even within a year before his death he attended a horse mill on the place, and appellant received all the proceeds of his labor, and the products of the farm; which would contribute, if not completely to remunerate him for his care and attention to his father in his last illness.

Moreover, if the contract was made as alleged, it is a fact worthy of notice that there is not only no written evidence of it, but there is no reason offered for failing to have such a writing.

Appellant can derive no benefit from the patent he procured to be issued to himself for the land, his father purchased it and had held it for more than 20 years claiming it adversely before he went there to live, the presumption is that it had been patented long before the date of appellant's patent, and he entered and held under his father.

Judgement *affirmed.*

*Rodman,* for appellant.

*W. S. Maxey,* for appellee.